UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

FORT PRODUCTIONS, INC., d/b/a FORT GROUP,

                  Plaintiff,

          -against-

MEN'S MEDICAL CLINIC, LLC a/k/a MEN'S MEDICAL
CLINIC a/k/a NEW YORK MEN'S MEDICAL CLINIC,

                  Defendant.

-------------------------------------------------------------------------x

**15-CV-00376 (NSR)**

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

TRIVELLA & FORTE, LLP

Jonathan M. Bardavid (JB 0072)
*Attorneys for Plaintiff*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Tel. No.: (914) 949-9075

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................ 1

STATEMENT OF FACTS ................................................................. 1

LEGAL STANDARD ....................................................................... 2

ARGUMENT .................................................................................... 2

    I.    **PLAINTIFF HAS PLED A PLAUSIBLE BREACH OF CONTRACT CLAIM.** ........ 2

    II.    **PLAINTIFF HAS PLED A PLAUSIBLE ACCOUNT STATED CLAIM.** .............. 7

    III.    **PLAINTIFF'S *QUANTUM MERUIT* THIRD CAUSE OF ACTION IS NOT INCOMPATIBLE WITH PLAINTIFF'S BREACH OF CONTRACT CAUSE OF ACTION.** ........ 9

    IV.    **DEFENDANT'S OBJECTIONS TO THE RELIEF SOUGHT IN THE AMENDED COMPLAINT ARE PREMATURE.** ........ 11

    V.    **PLAINTIFF SHOULD BE GRANTED LEAVE TO REPLEAD.** ........ 12

# TABLE OF AUTHORITIES

Cases

Aioi Nissay Dowa Ins. Co. Ltd. v ProSight Specialty Mgmt. Co., Inc., No. 11 CIV. 1330 JPO, 2013 WL 3111349 (S.D.N.Y. June 20, 2013) ........................................................................ 7

Air Atlanta Aero Engineering Ltd., v. SP Aircraft Owner I, LLC, 637 F. Supp.2d 185 (S.D.N.Y. 2009) ................................................................................................................................... 8

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................ 2, 4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......... 2, 4

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002) ................................................ 2

Cherry Creek Woodcraft Inc., v. Plum Creek Manufacturing, Inc., 1995 WL 428609 (W.D.N.Y. 1995) ...................................................................................................................................... 4

Clark–Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382 (1987) ................................ 10

DKR Capital, Inc. v. AIG Int'l W. Broadway Fund, Ltd., No. 03 CIV. 1568 (JGK), 2003 WL 22283836 (S.D.N.Y. Oct. 2, 2003) ........................................................................................ 10

Eastside Food Plaza, Inc. v. "R" Best Produce, Inc., No. 03 CIV. 106 (SAS), 2003 WL 21727788 (S.D.N.Y. July 23, 2003) ........................................................................................ 7, 9

Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168 (2d Cir. 2004) ................................................................................................................................... 3, 4

F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co., 417 U.S. 116, 94 S. Ct. 2157, 40 L. Ed. 2d 703 (1974) ........................................................................................................................... 11

GlaxoSmithKline LLC v. Beede, No. 1:13-CV-00001 MAD, 2014 WL 896724 (N.D.N.Y. Mar. 6, 2014) ................................................................................................................................ 10

Hudson Motors P'ship v. Crest Leasing Enterprises, Inc., 845 F. Supp. 969 (E.D.N.Y. 1994) .... 11

Jim-Mar Corp. v. Aquatic Const., Ltd., 195 A.D.2d 868, 600 N.Y.S.2d 790 (1993) ................ 9

Lapine v. Seinfeld, 31 Misc.3d 736, 918 N.Y.S.2d 313 (Sup. Ct. 2011) ................................ 5, 6

Leepson v. Allan Riley Co., Inc., No. 04 CIV. 3720(LTS)(AJ)2006 WL 2135806 (S.D.N.Y. 2006) .................................................................................................................................... 3, 7

Microban Products Co. v. API Indus., Inc., No. 14 CIV. 41 KPF, 2014 WL 1856471 (S.D.N.Y. May 8, 2014) ........................................................................................................................... 7

NetsJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168 (2d Cir. 2008) ...................... 9

Rommel v. Laffey, 194 F.R.D. 441 (N.D.N.Y. 2000) ............................................................. 4

Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008) .................................................... 13

Window Headquarters, Inc. v. MAI Basic Four, Inc., 1993 WL 312899 (S.D.N.Y. 1993) ...... 5, 6

Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 2

Fed. R. Civ. Pro. 15(a)(2) ......................................................................................................... 13

## PRELIMINARY STATEMENT

Plaintiff Fort Productions, Inc., d/b/a Fort Group ("Fort") submits this Memorandum of Law in Opposition to Defendant Men's Medical Clinic LLC's motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint with prejudice. The Court should, respectfully, deny the Defendant's motion to dismiss the Amended Complaint in its entirety because the Plaintiff has sufficiently pled its claims for breach of contract, account stated and *quantum meruit* and is permitted under Federal Rule 8(e)(2) to plead alternative theories of liability. Further, should the Court determine that any of Plaintiff's claims are insufficiently pled, Plaintiff respectfully requests leave to replead pursuant to Federal Rule of Civil Procedure 15(a)(2).

## STATEMENT OF FACTS

On January 16, 2015, Plaintiff commenced the instant action to collect outstanding monies owed by Defendant for marketing and other services rendered to Defendant. On February 3, 2015, Plaintiff filed the Amended Complaint.

Fort is a fully integrated marketing services company that provides marketing services to a variety of entities. By written agreement dated July 10, 2014, the Defendant retained Fort, "as a Marketing Communications Agency to support the 2014-2015 marketing and advertising efforts." Am. Compl. ¶ 5. Pursuant to this agreement, "Defendant agreed to pay the fair and reasonable value of [the] services" provided by Fort. Am. Compl.¶ 6. Fort accepted the agreement. Am. Compl.¶ 7. There is no dispute that there was adequate consideration for the agreement. Fort "performed marketing and advertising services for Defendant." Am. Compl.¶ 8. Notwithstanding this agreement, Defendant failed, after invoice and due demand for payment, to

1

remit payment of the balance due and owing. Am. Compl.¶ 8. The balance due and owing for the services rendered to Defendant by Fort is Eight Hundred Thousand Ninety One Dollars ($800,091.00). Am. Compl.¶ 8.

Fort has made several attempts to recover the monies owed by Defendant prior to commencing litigation. Am.Compl.¶ 25. Defendant has repeatedly and willfully failed to remit payment of the amounts owed. Am. Compl.¶ 27.

## LEGAL STANDARD

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court liberally construes the complaint, generally accepts well-pled factual allegations as true, and draws all reasonable inferences in the plaintiffs' favor. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Fed. R. Civ. P. 12(b)(6). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege enough facts to raise the right to relief above the speculative level and "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544,556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## ARGUMENT

**I. PLAINTIFF HAS PLED A PLAUSIBLE BREACH OF CONTRACT CLAIM.**

Defendant argues that Plaintiff's breach of contract claim should be dismissed because Plaintiff, "failed to specify whether the contract was oral or written" and failed to "specify the contractual terms on which liability is predicated." See Defendant's Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint, dated May 7, 2015 ("Def. Memo. Of Law"), p. 2. Defendant's claim is without merit as Plaintiff has pled a plausible breach of contract claim under New York law.

It is well-established that, to state a viable breach of contract claim under New York law, "a complaint need only allege: (1) the existence of a contract; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the Defendant; and (4) damages." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004); Leepson v. Allan Riley Co., Inc., No. 04 CIV. 3720(LTS)(AJ)2006 WL 2135806 at *3 (S.D.N.Y. 2006)("to defeat a motion to dismiss a breach of contract claim, the following four elements must be alleged in the complaint: (1) the existence of a contract; (2) performance by one party; (3) breach of the contract by the other party; and (4) resulting damages"). Here, Plaintiff has clearly alleged each of the elements required to state a cause of action for breach of contract and provided sufficient factual information regarding the contract and the Defendant's breach. Specifically, the Amended Complaint alleges that, by agreement dated July 10, 2014, Defendant retained Plaintiff as a Marketing Communications Agency to support its 2014-2015 marketing and advertising efforts, that Defendant agreed to pay the fair and reasonable value of such services provided by Plaintiff, that Plaintiff accepted the agreement and performed marketing and advertising services for Defendant, that due demand was made for payment, and Defendant failed to pay the balance due and owing in the amount of $800,091.00. See Am. Compl. ¶¶5-8.

Notwithstanding the well-settled pleading requirements for a breach of contract claim and Plaintiff's sufficient pleading of the claim, Defendant seeks dismissal of the Amended Complaint for failure to allege additional terms of the contract. Specifically Defendant contends that Plaintiff was required to identify: (1) Whether the contract was written or oral; (2) each service provided under said contract; (3) the specific sum that the parties allegedly agreed to for compensation (rather than the amount of damages owed; (4) how and when Defendant was billed; and (5) whether Defendant paid a portion of the amount billed. See Def. Memo. of Law,

p. 4. Tellingly, Defendant fails to cite a single case that stands for the proposition that a breach of contract claim must specify the foregoing information. Instead, Defendant merely asserts that Plaintiff's pleadings are insufficient.

With respect to Defendant's claim that Plaintiff was required to specify whether the agreement at issue was written or oral, Plaintiff disputes that this information is required to state a plausible breach of contract claim. In Eternity Global Master Fund Ltd., 375 F.3d at 177, the Second Circuit clearly identified the only elements needed for pleading a breach of contract cause of action and the Second Circuit did not impose any requirement that a party identify whether the agreement was written or oral. The cases cited by Defendant for the proposition that the Amended Complaint should be dismissed for failure to identify whether agreement is written or oral preceded the decision in Eternity and are subject to the Second Circuit holding in Eternity. Compare. Eternity Global Master Fund Ltd., 375 F.3d at 177 with Rommel v. Laffey, 194 F.R.D. 441,444 (N.D.N.Y. 2000) and Cherry Creek Woodcraft Inc., v. Plum Creek Manufacturing, Inc., 1995 WL 428609 at *2 (W.D.N.Y. 1995).

Nevertheless, a careful reading of the Amended Complaint reveals that Plaintiff alleged the parties entered a written agreement. Defendant's argument that there was a failure to plead the agreement as oral or written is frivolous. Paragraph 5 of the Amended Complaint provides that "by agreement dated July 10, 2014, the Defendant retained the Plaintiff." Am. Compl.¶5 (emphasis added). This allegation provides Defendant with sufficient factual information regarding the contract at issue in herein, *i.e.* the written contract entered into by the parties dated July 10, 2014. Thus, Plaintiff has met the notice pleading requirements of Iqbal and Twombly.

With respect to Defendant's claim that Plaintiff was required to specify additional terms of the agreement and that this alleged failure warrants the dismissal of Plaintiff's breach of

4

contract cause of action, Defendant cites <u>Window Headquarters, Inc. v. MAI Basic Four, Inc.,</u> 1993 WL 312899 at \*3 (S.D.N.Y. 1993) and <u>Lapine v. Seinfeld,</u> 31 Misc.3d 736, 741, 918 N.Y.S.2d 313, 318 (Sup. Ct. 2011). Neither case supports Defendant's motion. In <u>Window Headquarters,</u> the Court dismissed a plaintiff's claim for failure to set forth the terms of the agreement upon which liability is predicated, i.e., the key elements to a breach of contract claim which the Court defined as "(1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages." 1993 WL 312899 at 3. In <u>Window,</u> the plaintiff alleged that the defendants gave "express and/or implied guarantees that they would provide funding for the computer system", "agreed to advance funds to facilitate plaintiff's purchase or lease of the computer system" and had "contractual, statutory and/or common law fiduciary duty to [the plaintiff] to insure that funds would only be released [when the system] was certified." <u>Id</u>. The plaintiff there failed to allege "any of the terms of the alleged agreements, and does not even allege who was a party to those agreements." <u>Id.</u> at 3. Instead, the plaintiff there alleged that defendants "agreed to advance funds ... to facilitate plaintiff's purchase and/or lease of the system." <u>Id</u>.

The complaint in <u>Window</u> is distinguishable from the Amended Complaint herein in that the instant Amended Complaint sets forth the parties to the agreement and all of the other prerequisites to establishing a breach of contract claim. Again, it bears emphasizing that Plaintiff alleges that it entered into an agreement with Defendant dated July 10, 2014 where Plaintiff was retained to serve as Defendant's Marketing Communication Agency to support Defendant's 2014-2015 marketing and advertising efforts and Defendant agreed to pay the fair and reasonable value of the such services provides by the Plaintiff. <u>See</u> Am. Compl.¶¶5-6. Plaintiff also alleged that it performed under the contract. <u>See</u> Am. Compl.¶5. Plaintiff further alleged a breach of the

contract by Defendant and damages in the amount of $800,091.00. <u>See</u> Am. Compl.¶8. In <u>Window</u> the court held Plaintiff failed to allege the existence of an agreement or any of its terms, calling Plaintiff's cause of action a "birdshot claim". <u>Window Headquarters, Inc.</u>, 1993 WL 312899 at *1. The court held "Plaintiff has not stated a claim under any applicable legal theory." <u>Id.</u> at 6.

In <u>Lapine,</u> a New York state trial court decision, the plaintiff sought damages against a publisher for breach of contract. The plaintiff did not claim that she entered into a written or oral contract with the publisher but rather alleged that an implied in fact contract was created and evidenced by the parties' behavior. 31 Misc.3d at 741. However, the plaintiff did not allege any conduct by the publisher that demonstrated assent to a contract with her, did not "allege the amount of compensation plaintiff claims she is owed" and sought to rely on industry custom for the amount of compensation owed without reference to industry custom in the complaint. <u>Id.</u> at 742. None of the defects from <u>Lapine</u> are present in the instant matter. Here, Plaintiff did not allege the existence of an implied-in-fact contract. Rather, Plaintiff unequivocally alleged that the parties entered into an express agreement dated July 10, 2014. <u>See</u> Am. Compl.¶ 5. Additionally, Plaintiff clearly articulated the amount of compensation due and owing as a result of the agreement and breach to be $800,091.00. Unlike the plaintiff in <u>Lapine,</u> the instant Plaintiff does not seek compensation based on industry custom, but rather based on the amounts invoiced to Defendant in accordance with the express terms of the parties' agreement. <u>See</u> Am. Compl.¶8.

In sum, Plaintiff has sufficiently stated a claim and the Court, respectfully, should deny the Defendant's motion to dismiss the breach of contract claim.

## II.     PLAINTIFF HAS PLED A PLAUSIBLE ACCOUNT STATED CLAIM.

Defendant also moves to dismiss Plaintiff's second cause of action for account stated, arguing the account stated cause of action is insufficiently pled and duplicative of the breach of contract claim. Defendant's challenge to Plaintiff's account stated claim is without merit.

It is well settled that an account stated "is an agreement, expressed or implied, that an examination of the account between the parties has occurred, a statement of that account has been asserted, and accepted as correct." Eastside Food Plaza, Inc. v. "R" Best Produce, Inc., No. 03 CIV. 106 (SAS), 2003 WL 21727788, at *4 (S.D.N.Y. July 23, 2003). "An account stated may be implied when a creditor sends a statement of an account to a debtor and the debtor, who has a duty to examine the statement to ascertain whether it is correct or not, keeps it for a reasonable time without objecting to the correctness of the account." Id. To plead a plausible account stated claim, a complaint must allege: (i) an account was presented, (ii) it was accepted as correct; and (iii) the debtor promised to pay the amount stated. Leepson., No. 04 CIV. 3720(LTS)(AJ), 2006 WL 2135806, at *1 (S.D.N.Y. July 31, 2006).

Acceptance of the account and a promise to pay the amount stated may be implied when the debtor receives the invoice and fails to object to it within a reasonable time. Id. at 4.; Microban Products Co. v. API Indus., Inc., No. 14 CIV. 41 KPF, 2014 WL 1856471, at *16 (S.D.N.Y. May 8, 2014)("[t]he second and third elements of account stated may be implied if a party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment."); Aioi Nissay Dowa Ins. Co. Ltd. v ProSight Specialty Mgmt. Co., Inc., No. 11 CIV. 1330 JPO, 2013 WL 3111349, at *11 (S.D.N.Y. June 20, 2013) aff'd, 563 F. App'x 68 (2d Cir. 2014)("Because a party who receives an account is bound to

7

examine the statement and make all necessary objections, an agreement to pay an indebtedness may be implied if a party receiving a statement of account keeps it without objecting to it within a reasonable amount of time, unless fraud, mistake, or other equitable considerations are shown."); <u>Air Atlanta Aero Engineering Ltd., v. SP Aircraft Owner I, LLC</u>, 637 F. Supp.2d 185, 199 (S.D.N.Y. 2009)("[a]n objection to an account stated that is first made only after litigation on the account stated has been commenced is, as a matter of law, not made within a reasonable time.");

Defendant contends Plaintiff failed to adequately allege the second and third elements of the account stated cause of action, to wit, that the Defendant accepted and promised to pay the debt. Although Defendant acknowledges the well-established principle that acceptance and the promise to pay can be implied by a party receiving an invoice and keeping it without objecting to it within a reasonable time, Defendant contends that Plaintiff did not allege acceptance and promise to pay because the Amended Complaint does not provide "any indication of when the account was sent to Defendant or how long Defendant held it without objection." Def. Memo. Of Law, p.6. Contrary to Defendant's assertion, Plaintiff has sufficiently alleged acceptance of the debt and a promise to pay by alleging Defendant received and did not object to the invoices.

In <u>Air Atlanta</u>,637 F. Supp.2d 185 (S.D.N.Y. 2009), a decision cited by Defendant in its moving papers[1], the court considered whether a plaintiff who alleged in its pleading of an account stated claim that, "Defendants have never disputed the amount owed" sufficiently pled the account was accepted as correct. <u>Id.</u> at 199. The court held that such an allegation was sufficient for an account stated claim.

Similarly, here Plaintiff has sufficiently alleged that Defendant accepted the account as correct and promised to pay the amount stated. The Amended Complaint which states "Defendant failed to refute the invoices which constitute a balance owed of Eight Hundred Thousand Ninety One Dollars and no cents ($800,091.00)", demonstrates that Plaintiff alleges delivery and failure to object to the account stated prior to the commencement of the litigation. See Am. Compl. ¶ 20. This is a sufficient pleading of acceptance of the account stated and agreement to pay. Jim-Mar Corp. v. Aquatic Const., Ltd., 195 A.D.2d 868, 870, 600 N.Y.S.2d 790, 792 (1993)("defendant impliedly agreed to pay the amount due as reflected in plaintiff's invoice when defendant received and retained it without rejecting it or objecting to it within a reasonable period of time.")

Defendant further contends that Plaintiff's accounts stated claim must be dismissed because it is duplicative of Plaintiff's breach of contract claim. This argument is without merit. Courts in this Circuit permit an account stated claim to be pled in the alternative with a breach of contract claim. See Eastside Food Plaza, 2003 WL 21727788 at fn. 9; NetsJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168 (2d Cir. 2008)(holding account stated and breach of contract claims can both be pled in the same action under New York law). Accordingly, the Amended Complaint adequately pleads a claim for an account stated.

**III. PLAINTIFF'S *QUANTUM MERUIT* THIRD CAUSE OF ACTION IS NOT INCOMPATIBLE WITH PLAINTIFF'S BREACH OF CONTRACT CAUSE OF ACTION.**

Defendant next contends Plaintiff's third cause of action for *quantum meruit* should be dismissed because it is incompatible with Plaintiff's breach of contract claim. Defendant's claim is without support as Plaintiff's claim for *quantum meruit* is an alternative pleading, should the validity of the contract be challenged.

dismiss plaintiff's claim for unjust enrichment as the parties' arguments demonstrate a disagreement as to terms of the agreement and even the existence of a valid contract.").

## IV.     DEFENDANT'S OBJECTIONS TO THE RELIEF SOUGHT IN THE AMENDED COMPLAINT ARE PREMATURE.

Defendant also objects to the relief sought in the Amended Complaint. Specifically, Defendant objects to the request that the Court award Plaintiff its attorneys' fees and costs incurred and provide "such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted."

While Defendant has correctly recited the "American Rule", it is well established that the American Rule is not an absolute bar to shifting of attorneys' fees even in the absence of statute or contract. Indeed, "attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly or for oppressive reasons." F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co., 417 U.S. 116, 129, 94 S. Ct. 2157, 2165, 40 L. Ed. 2d 703 (1974); Hudson Motors P'ship v. Crest Leasing Enterprises, Inc., 845 F. Supp. 969, 982 (E.D.N.Y. 1994)("an award pursuant to the court's inherent power can be assessed against a party for either commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons.").

By including a claim for attorneys' fees in the prayer for relief, Plaintiff is simply preserving its rights should facts and circumstances develop that warrant an award of attorneys' fees. Similarly, the final statement in the prayer for relief seeking, "such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted" preserves Plaintiff's remedies should facts develop that would warrant equitable relief. Common law will support Plaintiff's demand for attorneys' fees in the Complaint if the Court determines that the Defendant vexatiously defended this litigation without a reasonable basis to assert a defense to

11

the underlying breach of contract claim. The demand for attorneys' fees should not be dismissed at this pleading stage but should be allowed to stand as notice to Defendant subject to later review by the Court at either the summary judgment or trial stage of this action.

### V. PLAINTIFF SHOULD BE GRANTED LEAVE TO REPLEAD.

Defendant moves to dismiss the Amended Complaint with prejudice, but does not set forth any arguments regarding why the Court should deny Plaintiff leave to replead in the event the Court grants Defendant's motion. To the extent that the Court dismisses any of the claims in the Amended Complaint, it is respectfully submitted that the Court should grant Plaintiff leave to replead.

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). None of the foregoing are present in this action. Accordingly, should the Court dismiss any of the claims in the Amended Complaint, Plaintiff respectfully requests the Court grant Plaintiff leave to replead.

### CONCLUSION

For the reasons set forth supra, the Court should, respectfully, deny the Defendant's motion in its entirety, together with awarding the Plaintiff its costs and attorneys' fees in opposing this motion and such other, further and different relief as to the Court may deem just and proper.

Dated: White Plains, NY
June 5, 2015

Respectfully submitted,

TRIVELLA & FORTE, LLP

BY: JONATHAN BARDAVID (JB 0072)
*Attorneys for Plaintiff*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Tel. No.: (914) 949-9075