USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FORT PRODUCTIONS, INC d/b/a,
FORT GROUP
                                Plaintiff,


        -against-


MEN'S MEDICAL CLINIC, LLC a/k/a
MEN'S MEDICAL CLINIC a/k/a
NEW YORK MEN'S MEDICAL CLINIC
                                Defendant.

No. 15-CV-00376 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Fort Productions, Inc. ("Plaintiff") brings this action against Defendant Men's

Medical Clinic, LLC ("Defendant") arising out of Defendant's alleged failure to pay for

Plaintiff's marketing services.  Plaintiff's amended complaint (ECF No. 3, or the "Amended

Complaint") asserts the following claims against Defendant: (1) breach of contract, (2) account

stated, (3) *quantum meruit*, and (4) a claim for attorney's fees.  Presently before the court is

Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  For the following reasons, Defendant's motion to dismiss is

GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

The following facts are taken from the Amended Complaint unless otherwise noted and

are taken as true for the purposes of this motion.

Plaintiff is a marketing services company located in Ridgefield Park, New Jersey.  (Am.

Compl. ¶¶ 3, 5.)  Defendant was and still is a limited liability company that maintains an office

1

in White Plains, New York.  (*Id.* at ¶ 4.)  By agreement dated July 10, 2014, Plaintiff was to

provide marketing and advertising services to Defendant for the 2014-2015 time period.  (*Id.* at ¶

5.)  Defendant agreed to pay the "fair and reasonable value of such services." (*Id.* at ¶ 6.)

Plaintiff accepted Defendant's offer and performed marketing and advertising services for

Defendant.  (*Id.* at ¶¶ 7–8.)  Despite efforts made by Plaintiff to receive payment for its services,

including transmission of an invoice, Defendant failed to pay for the services in the amount of

$800,091.00. (*Id.* at ¶ 8.)

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566

U.S. at 678.  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir.

2010).  A court should accept non-conclusory allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir.

2008).  "[T]he duty of a court 'is merely to assess the legal feasibility of the complaint, not to

assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v.

MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky,* 140 F.3d

433, 440 (2d Cir. 1998)).

**DISCUSSION**[1]

### I.      Breach of Contract Claim

Defendant contends that Plaintiff's breach of contract claim fails because the Amended

Complaint does not articulate (1) whether the at-issue contract was oral or written and (2) the

specific terms of the agreement between the parties.  (Defendant's Motion to Dismiss Amended

Complaint ("Def's Mot.") at 6.)  Plaintiff argues, on the other hand, that it has set forth a valid

claim absent such specificities.  (Memorandum of Law in Opposition to Defendant's Motion to

Dismiss the Amended Complaint ("Pl.'s Opp.") at 2.)  The Court will address each of

Defendant's challenges to the breach of contract claim in turn.

### A.  Oral versus Written

In *Eternity Global Master Fund Limited. v. Morgan Guaranty Trust Company of New*

*York*, the Second Circuit held that to state validly a breach of contract claim under New York

law, "a plaintiff need *only* allege (1) the existence of an agreement, (2) adequate performance of

the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  375 F.3d

168, 177 (2d Cir. 2004) (emphasis added).  "To plead these elements 'a plaintiff must identify

what provisions of the contract were breached as a result of the acts at issue.'" *Ellington Credit*

*Fund,* 837 F. Supp. 2d at 189 (quoting *Wolff v. Rare Medium, Inc.,* 171 F. Supp. 2d 354, 358

(S.D.N.Y.2001)).  Here, Plaintiff has alleged adequately the requisite elements of a breach of

---

[1] "Federal courts sitting in diversity apply state substantive law." *Ellington Credit Fund, Ltd v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 179-80 (S.D.N.Y. 2011) (citing *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996)).  Where both parties rely upon New York law in their briefs, the Court may assume the parties impliedly consent to the application of New York law. *Ellington Credit Fund*, 837 F. Supp. 2d at 179-80 (citing *Krumme v. WestPoint Stevens, Inc.,* 238 F.3d 133, 138 (2d Cir. 2000) ("The parties' briefs assume that New York law controls, and such implied consent ... is sufficient to establish choice of law." (internal quotation marks and citations omitted)).  Therefore, the Court will evaluate the sufficiency of Plaintiff's claims under New York law.

contract action.  In particular, the Amended Complaint states that Plaintiff and Defendant entered

into a contract for Plaintiff to perform marketing and advertising services for Defendant;

Defendant agreed to pay a "fair and reasonable price" for Plaintiff's services; Plaintiff performed

on the contract; Defendant failed to pay Plaintiff; and Plaintiff suffered damages in the amount

of $800,091.00.  (Am. Compl. ¶¶ 10-14.)  The Court therefore declines to dismiss Plaintiff's

breach of contract claim.

　　　Defendant cites two cases for the proposition that a complaint must delineate whether a

contract is oral or written to maintain a valid cause of action for breach of contract.  Neither case

cited by Defendant is binding on this Court, and, in any event, they are distinguishable.  In

*Cherry Creek Woodcraft, Inc. v. Plum Creek Manufacturing, Inc.*, the court relied upon three

cases for the proposition that a complaint must state whether the operative contract was oral or

written: *Mayes v. Local 106, Int'l Union of Operating Engineers*, 739 F. Supp. 744 (N.D.N.Y.

1990) ("*Mayes*"); *Marquadt-Glenn Corporation v. Lumelite Corporation*, 11 F.R.D. 175

(S.D.N.Y. 1951) ("*Marquadt-Glenn*"); and *Chrysler Capital Corporation v. Hilltop Egg Farms,*

*Inc.*, 129 A.D.2d 927 (3d Dep't 1987) ("*Chrysler Capital*").  No. 94-CV-0601E(H), 1995 WL

428609, at *2 (W.D.N.Y. July 18, 1995) ("*Cherry Creek*").  An examination of each of these

cases, however, reveals that they do not in fact substantiate the *Cherry Creek* court's contention.

In *Mayes*, the court explicitly noted that "the plaintiff (or counterclaimant) is not required to

attach a copy of the contract or to plead its terms verbatim."  739 F. Supp. at 748.  In *Marquadt-*

*Glenn*, the court plainly denied the defendant's motion to dismiss the plaintiff's breach of

contract claim and only discussed the issue of whether the contract was oral or written in the

context of defendant's motion for a more definite statement of the complaint. 11 F.R.D. at 176.

Finally, in *Chrysler Capital*, the court determined that plaintiff's breach of contract claim was

deficient because the agreement referred to in the complaint made reference to a schedule that was neither described in the complaint nor attached thereto.  129 A.D.2d at 928.  As such, the complaint failed to set forth the essential terms of the agreement.[2]

Defendant's citation of *Rommel v. Laffey*, 194 F.R.D. 441 (N.D.N.Y. 2000) ("*Rommel*") is similarly unpersuasive.  The Court traces the holding in *Rommel* back to the opinion of the Appellate Division, First Department, in *Bomser v. Moyle*, 89 A.D.2d 202 (1st Dep't 1982) ("*Bomser*").  In *Bomser*, the amended complaint referred to both an undated document as well as an oral agreement, which muddied the court's understanding of the complete set of terms of the parties' agreement.  89 A.D.2d at 204.  The Court therefore granted plaintiff leave to replead to clarify the scope of the agreement.  *Id*.

### B.  Terms of the Agreement

Defendant's second attack on the sufficiency of the breach of contract claim is that the Amended Complaint fails to specify the terms of the agreement.  (Def.'s Mot. at 3-4.)  *Window Headquarters, Inc. v. MAI Basic Four, Inc.,* Nos. 91-cv-1816 (MBM), 92-cv-5283 (MBM), 1993 WL 312899 (S.D.N.Y. Aug. 12, 1993) (*"Window Headquarters"*), which Defendant relies upon for this argument, is distinguishable from the instant case. In *Window Headquarters*, the plaintiff's complaint was dismissed because it failed to refer to *any* contracts with the named defendants and failed to affirmatively state those parties *to the contract*. *Id.* at *3 (emphasis added). That deficiency is not present here as Plaintiff clearly stated Defendant was a party to the agreement dated July 10, 2014.  (Am. Compl. ¶ 5.)

Additionally, Defendant asserts that the Amended Complaint is insufficient in that it fails to provide several terms of the contract, notably, the amount of compensation agreed to under the

---

[2] Notably, the Court cannot locate a single, subsequent opinion that has cited *Cherry Creek* for the proposition that a complaint must state whether a contract was oral or written.

contract; the specific services the parties agreed to; the due date for payment under the contract; and the date such payment was demanded.  (Defendant's Reply Brief in Support of Motion to Dismiss Amended Complaint ("Def.'s Reply") at 2.)  While "[a] plaintiff is not required to attach a copy of the contract or plead its terms verbatim," the complaint nevertheless "must set forth the terms of the agreement upon which liability is predicated." *Window Headquarters*, 1993 WL 312899, at *3 (internal citations omitted).  Here, the Amended Complaint is sufficient because it states that Defendant retained Plaintiff for marketing and advertising services and that Defendant would pay the "fair and reasonable value" for such services.  (Am. Compl. ¶¶ 5–6.) The Court finds that these are non-conclusory allegations that must be read in favor of the plaintiff on a motion to dismiss.  Discovery in this case will reveal further details of the parties' agreement. Accordingly, the Court denies Defendant's motion to dismiss the breach of contract claim.

## II.    Account Stated Claim

To assert an account stated claim in a complaint, a plaintiff must allege that "(1) an account was presented, (2) the account was accepted as correct, and (3) the debtor promised to pay the amount stated."  *Nanjing Textiles IMP/EXP Corp., Ltd. v. NCC Sportswear Corp*., No. 06 Civ. 52, 2006 WL 2337186, at *12 (S.D.N.Y. Aug. 11, 2006).  Defendant advances two reasons for asserting that Plaintiff's account stated claim should be dismissed. First, Defendant states that Plaintiff has not pled the second and third elements of the claim.  (Def.'s Mot. at 6.) Second, Defendant contends that Plaintiff has failed to plead the account stated claim in the alternative. (*Id*.)  For the reasons set forth below, the Court finds that Plaintiff's failure to plead the account stated claim in the alternative warrants dismissal of that claim.

### A. Acknowledgement of Debt Owed

With respect to the second and third elements of an account stated claim, "[a]n agreement to pay the account presented may be implied if a party receiving a statement of account keeps it without objecting to it within a reasonable time . . . ." *Bill Diato Photography LLC v. Avon Products, Inc.*, No. 12-cv-847, 2012 WL 4335164, at *9 (S.D.N.Y. Sept. 21, 2012) (internal quotation and citation omitted). Here, the Amended Complaint asserts that Plaintiff transmitted invoices to Defendant for the services provided, and Defendant failed to contest those invoices. (Am. Compl. ¶¶ 19–20.) Defendant argues that the Amended Complaint is deficient because it fails to indicate *when* such an account was sent to Defendant. ( Def.'s Mot. at 6.) At this stage of the litigation, it is sufficient for the Amended Complaint to allege "that Plaintiff sent various invoices to Defendant and that Defendant did not object to those invoices." *Bill Diato*, 2012 WL 4335164, at *9.

### B. Alternative Pleading

Defendant additionally alleges that the Amended Complaint should be dismissed for failure to plead the account stated claim in the alternative to the breach of contract claim. (Def.'s Reply at 4). When asserted alongside a breach of contract claim, an account stated claim must be pled in the alternative because "an account stated claim may not be utilized simply as another means to attempt to collect under a disputed contract." *Martin H. Bauman Assocs., Inc. v. H&M Int'l Transp.*, 567 N.Y.S.2d 404, 409 (1st Dep't 1991). On the face of the Amended Complaint, Plaintiff's account stated claim is not pled in the alternative to the breach of contract claim. Nevertheless, even if this Court were to consider the claims to be pled in the alternative based upon Plaintiff's assertion in its opposition brief (Pl.'s Opp. at 9.), "[d]efendant cannot be found liable on both an account stated claim and a breach of contract claim in connection with the same

allegations of a failure to pay monies owed." *Wachtel & Masyr LLP v. Brand Progression LLC*, No. 11-cv-7398 (LTS) (MHD), 2012 WL 523621, at *1 (S.D.N.Y. Feb. 15, 2012) (citing *Erdman Anthony & Assocs. v. Barkstrom*, 298 A.D.2d 981, 981, 747 N.Y.S.2d 670 (4th Dep't 2002)). *See also NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 165 (2d Cir. 2008) ("Two claims are duplicative of one another if they 'arise from the same facts . . . and do not allege distinct damages.'") (quoting *Sitar v. Sitar*, 50 A.D.3d 667, 670, 854 N.Y.S.2d 536, 538 (2d Dep't 2008)). Here, the Amended Complaint alleges nearly identical facts for both the breach of contract claim and the account stated claim. In fact, the account stated claim expressly incorporates the allegations set forth in the section detailing the breach of contract cause of action. (Am. Compl. ¶ 16.) Furthermore, the damages stated for both claims are identical. (*Id.* ¶¶ 14, 20.) *Compare NetJets Aviation*, 537 F.3d at 175 (holding account stated claim not duplicative of breach of contract claim where attorneys' fees recoverable under breach of contract claim but not account stated claim). Accordingly, the Court dismisses without prejudice Plaintiff's account stated claim.

### III. *Quantum Meruit* Claim

To assert a *quantum meruit* claim, a claimant must establish "(1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *United Resource Recovery Corp. v. Ramko Venture Management, Inc*., 584 F. Supp. 2d 645, 657 (S.D.N.Y. 2008). *Quantum meruit* is rooted in "quasi contract" and may only apply "in the absence of an express agreement." *Beth Israel Med. Ctr. v. Blue Cross and Blue Shield of New Jersey*, 448 F.3d 573, 586 (2d Cir. 2006) (quoting *Goldman v. Metropolitan Life Ins. Co*. 841 N.E.2d 742, 746 (N.Y. 2005). The existence of an express agreement governing the same

subject matter precludes recovery in *quantum meruit*.  *Smith v. Mikki More*, *LLC*., 21 F. Supp. 3d
276, 283 (S.D.N.Y. 2014); *Beth Israel,* 448 F.3d. at 588.  However, the liberal pleading
requirements of Federal Rules of Civil Procedure 8(e)(2) allow a claimant to sue both in contract
and in *quantum meruit* so long as the pleadings are made *in the alternative.  DKR Capital, Inc. v.
AIG Int'l W. Broadway Fund, Ltd.*, No. 03-cv-1568 (JGK), 2003 WL 22283836, at *5 (S.D.N.Y.
Oct. 2, 2003).

     Defendant seeks dismissal of Plaintiff's *quantum meruit* claim because it is duplicative of
the breach of contract claim.  (Def.'s Mot. at 7.)  Plaintiff alleges that it is proceeding under a
theory of *quantum meruit* in the alternative although that is unclear from the face of the
Amended Complaint. (Pl.'s Opp. at 9.)  Additionally, Plaintiff cites *GlaxoSmithKline LLC v.
Beede*, No. 1:13-cv-00001 (MAD/RFT), 2014 WL 896724 (N.D.N.Y. Mar. 6, 2014) for the
proposition that a plaintiff may proceed simultaneously on a theory of *quantum meruit* and
breach of contract.  (Pl.'s Opp. at 10). However, that case makes clear that both *quantum meruit*
and breach of contract claims may only be pursued as "*alternate theories*" of recovery.
*GlaxoSmithKline*, 2014 WL 896724, at *7 (emphasis added).  Furthermore, the court allowed for
both theories to proceed because it was clear the parties contested whether a contract even
existed.  *Id*.  The instant case is distinguishable.  Defendant does not dispute the existence of a
contract in any of its moving papers but only asserts that the Plaintiff has not stated whether the
agreement is oral or written. (Def.'s Mot. at 3; Reply at 3.)

     The Court finds that Plaintiff's *quantum meruit* claim is in fact duplicative of its breach
of contract claim.  Plaintiff is seeking to recover from two conflicting theories of recovery under
identical facts and damages.  Plaintiff already has acknowledged the existence of a valid contract
governing the "marketing and advertising" services it was to provide for Defendant for

$800,091.00.  (Am. Comp ¶¶ 10, 14.)  Plaintiff may only subsequently repudiate its acknowledgement of an express agreement on the same subject matter if it explicitly pleads that it is seeking an alternative method of recovery.  Therefore, Plaintiff's *quantum meruit* claim is dismissed without prejudice.

### IV.    Attorney's Fees

"Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule."  *A.G. Ship Maint. Corp. v. Lezak*, 69 N.Y.2d 1, 5, 503 N.E.2d 681, 683 (N.Y. 1986) (citations omitted).  However, there are exceptions to this common practice.  In certain instances, where there have been allegations that an opponent has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," courts have allowed a party to claim recovery for attorneys' fees.  *F.D. Rich Co. v. U.S.*, 417 U.S. 116, 129 (1974).  Where a party fails to allege the applicability of such an exception, however, a claim for attorneys' fees should be dismissed without prejudice.  *Singer v. Xipto*, 852 F. Supp. 2d 416, 427 (S.D.N.Y. 2012).  Here, Plaintiff merely asserts that its claim for attorney's fees is a reservation of its right to collect and should not be dismissed. (Pl.'s Opp. at 11.)  Because Plaintiff fails to allege that Defendant engaged in any behavior which would qualify as an exception to the general rule that each party bear its own costs, Plaintiff's claim for attorneys' fees is dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Plaintiff's breach of contract claim.  Plaintiff's account stated and *quantum meruit* claims are DISMISSED without prejudice.  Plaintiff's claim for attorneys' fees is also DISMISSED without prejudice.

Defendant is directed to file an answer to the remaining claim within 30 days hereof.  The parties are directed to appear for an initial pre-trial conference on April 20, 2016 at 12:00 p.m.  Parties shall bring a completed case management plan to the initial pre-trial conference.  The Court respectfully directs the Clerk to terminate the motion at ECF No. 29.

Dated:   February 23, 2016                                    SO ORDERED:
         White Plains, New York


                                               NELSON S. ROMÁN
                                            United States District Judge